UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANAEL JAMES CARTER, JR.,

Plaintiff,

v.

D. MURPHY, et al.,

Defendants.

No.  2:24-cv-0165 CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and seeking damages pursuant to 42 U.S.C. § 1983.  This action proceeds on a claim for excessive use of force in violation of the Eighth Amendment against defendant Murphy and a claim for retaliation for protected conduct in violation of the First Amendment against defendant Rojas.  Defendants have filed a motion for summary judgment.  For the reasons which follow, the court recommends that the motion for summary judgement be granted.

I.  Sur-Reply

After defendants filed their motion for summary judgment, plaintiff filed an opposition, defendants a reply and then plaintiff filed a sur-reply.  Sur-replies are not permitted without leave of court.  Local Rule 230(l).  Because plaintiff did not obtain leave to file a sur-reply and because there is not good cause for consideration of the sur-reply, defendants' motion to strike the sur-reply will be granted.

1

II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely on the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. <u>See</u> Fed. R. Civ. P. 56(c); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must show that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>see</u> <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be

shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. That said, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III.  Plaintiff's Allegations

In his complaint (ECF No. 1) which is signed under penalty of perjury, plaintiff alleges as follows:

1.  On October 16, 2020, between 10 and 11 a.m., while plaintiff was on the facility B recreation yard at California State Prison, Sacramento (CSP Sac.), an incident occurred during which officers told all of the inmates to go to the ground. Plaintiff complied. At some point, while plaintiff was on the ground, he was hit on his forehead with a rubber bullet fired by defendant Murphy.

2.  As a result of being hit with the rubber bullet, plaintiff was knocked out and sustained a concussion and large hematoma. As of the date plaintiff filed his complaint, January 16, 2024, plaintiff still suffered from headaches as a result of being struck.

3.  On October 24, 2022, and after filing (1) a prior lawsuit concerning plaintiff's being hit with a rubber bullet and (2) a prisoner grievance, defendant Rojas retaliated against plaintiff by

refusing plaintiff overnight visitation with his wife and children.  As of the filing of plaintiff's complaint, defendant Rojas was continuing to deny plaintiff overnight visits.

IV.  Prior Case

On February 15, 2022, plaintiff filed a complaint in this court which includes the same allegations made against defendant Murphy in this case.  The case was assigned case number 2:22-cv-0291 KJM DMC.  The complaint was dismissed with leave to amend.  The case was dismissed without prejudice on January 25, 2023, for plaintiff's failure to file an amended complaint.

V.  Defendants Arguments and Analysis

A.  Excessive Force

Defendants argue plaintiff's excessive force claim is time-barred.  For § 1983 actions, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)).  The statute of limitations for personal injury actions in California is two years. Cal. Civ. Proc. Code § 335.1.

California law extends the statute of limitations by two years for inmates serving a sentence of less than life without the possibility of parole. See Cal. Civ. Proc. Code § 352.1(a). That provision does not apply here since plaintiff is serving a sentence of life without the possibility of parole.  ECF 42-5 at 7.

As noted by defendants, plaintiff is not entitled to tolling while his previous lawsuit was pending because that action was dismissed without prejudice.  Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000)

Defendants concede that plaintiff is entitled to tolling of the limitations period while plaintiff exhausted administrative remedies citing Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)). Plaintiff asserts he did not learn his administrative remedies had been exhausted until July 6, 2021. ECF No. 42-5 at 13-14.

/////

4

Even if the limitations period did not commence until July 6, 2021, the limitations period expired approximately 6 months before this action was filed.  Plaintiff's excessive force claim is therefore time-barred.  This being the case, the court recommends that defendants' motion for summary judgment as to the excessive force claim be granted. The court need not address defendants' other argument for granting summary judgment as to the excessive force claim.

B.  Retaliation

Jail officials generally cannot retaliate against inmates for exercising First Amendment rights such as petitioning the government for redress of grievances.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  To survive defendant's motion for summary judgment, there must be a genuine issue of material fact indicating adverse action for exercise of protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Here, plaintiff fails to point to any evidence suggesting his being denied visitation is related in any way to his filing a lawsuit and grievance against defendant Murphy.  Because there is no genuine issue of material fact as to whether adverse action was the result of plaintiff engaging in protected conduct, defendants are entitled to summary judgment as to plaintiff's remaining First Amendment claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court assign a district court judge to this case.

2. Defendants motion to strike plaintiff's sur-reply (ECF No. 53) is GRANTED.

3. The sur-reply filed December 11, 2025, is STRICKEN.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgement (ECF No. 42) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cart0165.msj